HERMAN H. EHLE, Respondent, v. CYRIL I. STEVENS, Defendant, Impleaded with DAVID NETHAWAY, JR., Appellant.

Third Department, January 7, 1925.

Mortgages — chattel mortgages — action to recover value of team of horses on which plaintiff held mortgage — mortgagee was unknown to appellant — mortgagor testified he sold team to appellant but appellant claimed team was left with him to keep for mortgagor — stranger demanded team and secured same after protest by appellant — error for court to direct verdict on ground that as matter of law appellant failed to exercise ordinary care as bailee.

In an action to recover the value of a team of horses on which the plaintiff held a chattel mortgage, it was error for the court to direct a verdict in favor of the plaintiff on the ground that the appellant did not exercise ordinary care as bailee of the team, since it appears that the mortgagor, one of the defendants, worked the appellant's farm; that the mortgagor testified that when he left the farm he sold the horses to the appellant while the appellant testified that he kept the horses for the accommodation of the mortgagor; that the appellant knew of the chattel mortgage but did not know plaintiff, the mortgagee; that a person representing himself to be the plaintiff demanded the possession of the team from the appellant who asserted his claim for keeping them and forbade the stranger to take them, but, notwithstanding the appellant's objection and protest, the stranger took the team; and that the plaintiff had not given any person authority to take the team.

APPEAL by the defendant, David Nethaway, Jr., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Schoharie on the 26th day of January, 1924, upon the verdict of a jury, and also from an order entered in said clerk's office denying said defendant's motion for a new trial made upon the minutes.

*Alberti Baker*, for the appellant.

*Clyde H. Proper*, for the respondent.

COCHRANE, P. J.:

Plaintiff had a chattel mortgage on a team of horses owned by one Stevens. Stevens worked the appellant's farm on shares. According to his testimony on leaving the farm he sold the horses to the appellant. According to the appellant's testimony he kept the horses for the accommodation of Stevens because the latter had no place to keep them. Appellant knew of the existence of the chattel mortgage but did not know the mortgagee. A person representing himself to be the mortgagee came to the appellant's farm where the horses were and demanded them as such mortgagee. Appellant according to his testimony asserted his claim for keeping them and forbade the stranger to take them and threatened him with prosecution. Notwithstanding this objection and protest the horses were taken by the stranger who was supposed by the appellant to be the mortgagee. Plaintiff had not given any person authority to take the horses. The court regarded the appellant as a bailee and held as matter of law that he did not exercise ordinary care as such bailee and instructed the jury to find a verdict in favor of the plaintiff for the value of the horses. We think the evidence presented a question which should have been left to the decision of the jury. There was no voluntary delivery of the property by the appellant to the stranger. The appellant protested and threatened prosecution. He was powerless to do more. He did not inform the plaintiff or Stevens of the incident as promptly as he might have done but this delay might have been excused by the jury on the ground that he believed that the property had been taken by the mortgagee. Whether appellant was the owner of the horses subject to the mortgage as Stevens testified or whether appellant had a claim for keeping them as he testified, in either event he had a pecuniary interest in the property which circumstance the jury might have considered as bearing on the question whether he discharged his full measure of duty to the plaintiff in view of the relation which they bore to each other.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment and order reversed on the law and facts and new trial granted, with costs to the appellant to abide the event.